**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARNELL  GREEN | : | |
| | : | |
| Appellant | : | No. 2280 EDA 2018 |

Appeal from the Judgment of Sentence Entered February 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012283-2014

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 06, 2020**

Appellant Carnell Green appeals from the judgment of sentence entered on February 12, 2018.  After careful review, we find that Appellant's Pa.R.A.P. 1925(b) statement is so deficient that it precludes merit review of all appellate issues and constitutes ineffectiveness of counsel *per se*.  Thus, we remand for further proceedings consistent with this Memorandum.

The trial court set forth the following factual summary:

> During the course of a two-day trial, [Appellant's] stepdaughter, A.E., testified to [Appellant's] lengthy history of sexual abuse towards her – a series of events that began when A.E. was about eight years old and continued until she was eleven. A.E. described several occasions when [Appellant] took A.E. to the bathroom and forced her to perform oral sex on him.  On one occasion when A.E. was ten, [Appellant's] behavior escalated; A.E. testified that [Appellant] went into her bedroom, undressed her, and tried to force his penis into her vagina.  A.E. explained

_____

[*] Retired Senior Judge assigned to the Superior Court.

that the incident was very physically uncomfortable and caused her to feel "pressure and pain" in her vaginal area. At some point, when A.E. was eleven years old, [Appellant] moved out of her family's home. Shortly after he moved, [Appellant] called A.E. on her mother's cellphone. During their conversation, [Appellant] told A.E. that he was going to book a hotel room for the two of them; he also asked her whether she "remembered what he taught her" and told her that he wanted her "to show him what he taught her." A.E. did not see or hear from [Appellant] after that phone call.

Trial Court Opinion, 3/14/19, at 2 (internal citation omitted). Eventually A.E. reported the abuse and Appellant was arrested shortly thereafter. Appellant was tried before a jury and found guilty of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, indecent assault of a person less than thirteen years of age, and indecent exposure.[1] On February 12, 2018, the trial court sentenced Appellant to an aggregate sentence of fifteen to thirty years of incarceration, followed by fifteen years of reporting probation.

Following a filing error by Appellant's appointed trial counsel, Appellant's appellate rights were reinstated *nunc pro tunc* by the trial court on July 10, 2018. Order, 7/10/18.[2] Appellant filed a notice of appeal on July 12, 2018,

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 6318(a)(1), 4304(a)(1), 3126(a)(7) and 3127(a), respectively.

[2] On May 1, 2018, Appellant's then-appointed trial counsel filed a motion to withdraw as counsel. It appears from the certified record that the trial court granted the motion that day. Appellant has been represented by new appointed counsel, J. Matthew Wolfe, throughout the course of the instant appeal.

- 2 -

and filed an amended notice of appeal on July 20, 2018. The trial court ordered Appellant to file his Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal within twenty-one days of the filing of the order. Order, 7/24/18. Appellant sought and received an extension from the trial court and timely filed his Rule 1925(b) statement on February 14, 2019. Therein, Appellant set forth the following questions:

1. At trial the evidence presented against [Appellant] was very vague and sketchy, including not a single specific date or time of any incident, and lacking in particularity to justify the prosecution.

2. The lack of specificity prevented [Appellant] from locating alibi witnesses or to present an adequate defense.

Appellant's Statement of Matters Complained of on Appeal Pursuant to 1925(b), 2/14/19. In its opinion, the trial court found that Appellant's Rule 1925(b) statement is "facially insufficient and fails to raise any issues that can be meaningfully addressed by this court." Trial Court Opinion, 3/14/19, at 2. Because the trial court was unable to determine whether Appellant was challenging the weight or sufficiency of the evidence or discern which convictions Appellant was challenging on appeal, the trial court found Appellant waived all issues for purposes of appellate review. *Id.* at 3.

In his brief, Appellant presents the following question for our review:

1. Was the evidence at trial insufficient to sustain the convictions as they were so vague as to when the alleged incidents occurred and prevented [Appellant] from mounting a defense?

Appellant's Brief at 10.

Before we reach the merits of Appellant's appeal, we must address the deficiencies in his Rule 1925(b) statement. It is well established in this Commonwealth that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)). "The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super 2011). Recently, our Supreme Court held that waiver is mandated by Pa.R.A.P. 1925(b)(4)(vii),[3] where the concise statement

> did not identify any specific legal error committed by the PCRA court in its rulings on the multifarious claims of trial counsel ineffectiveness presented in the amended PCRA petitions, nor did it even identify *which* of those rulings were being challenged on appeal. Rather, it generically and capaciously encompassed every conceivable claim of ineffective assistance of trial counsel contained in the amended PCRA petitions. As such, it forced the PCRA court to guess which of its rulings were being challenged.

*Commonwealth v. Parrish*, ___A.3d___, 2020 WL 355016, *14 (Pa. filed January 22, 2020) (emphasis in original).[4] Ultimately, the *Parrish* Court

---

[3] Pa.R.A.P. 1925(b)(4)(vii) provides that "[i]ssues ... not raised in accordance with the provisions of this paragraph (b)(4) are waived."

[4] Although the procedural posture in *Parrish*, which arose in the PCRA context, differs from the instant case which involves a direct appeal, the role of Pa.R.A.P. 1925 is unchanged on direct or collateral appeal. For example,

held that the appellant's statement was "so wholly lacking in comportment with 1925(b)'s basic requirements that a finding of waiver is clearly warranted." *Id*. at *15. Similarly, herein Appellant's Rule 1925(b) statement fails to set forth whether Appellant is challenging the weight or sufficiency of the evidence and fails to set forth any specific legal error on behalf of the trial court. Moreover, despite being convicted of six crimes, Appellant fails to set forth which of those convictions from which he is appealing. As the trial court opined, Appellant's Rule 1925(b) statement lacked

> the requisite specificity that would allow this court to adequately address its decisions at trial. More specifically, it is unclear whether the Appellant is challenging the sufficiency and/or the weight of the evidence presented at trial. This court is also unable to determine which of the Appellant's six convictions is/are being challenged on appeal. Thus, by failing to raise any concise issue of arguable merit, the Appellant has waived all issues for appellate review. . . .

Trial Court Opinion, 3/14/19, at 3.

We agree with the trial court's conclusion. *See Commonwealth v. Garland*, 63 A.3d 339, 345 (Pa. Super. 2013) (finding waiver and noting that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon with the appellant alleges that the evidence was

---

in *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002), a case arising under the PCRA, our Supreme Court reiterated and expressly applied the holding in a direct appeal as it related to waiver and the Rule 1925(b) statement. *Butler*, 812 A.2d at 633 (citing *Commonwealth v. Lord*, 719 A.2d 306 (1998)).

insufficient"); **Hansley**, 24 A.3d at 414 (finding waiver where 1925(b) statement alleged that the "evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that appellant was guilty of robbery"); **Commonwealth v. Lemon**, 804 A.2d 34, 37 (Pa. Super. 2002) (finding waiver where Rule 1925(b) statement "merely stated 'the verdict was against the evidence,' 'the verdict of the jury was against the weight of evidence' and 'the verdict was against the law.'").  Indeed, where, as here, "a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 687 (Pa. Super. 2001) (quoting **Commonwealth v. Butler**, 756 A.2d 55, 57 (Pa. Super. 2000)).

Appellant's Rule 1925(b) statement, which resulted in waiver of all of his issues on appeal, constitutes ineffectiveness *per se*.  The recognized instances of *per se* ineffectiveness are "extremely narrow." **Commonwealth v. Rosado**, 150 A.3d 425, 427 (Pa. 2016).  "[E]rrors which *completely* foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance *per se* …." **Id**. at 439 (emphasis in original).  Where *per se* ineffectiveness has been established, counsel's ineffectiveness will be presumed and need not be proven. **Id**. at 428–429 (citing **United States v. Cronic**, 466 U.S. 648 (1984)).  The failure to file a Rule 1925(b) statement constitutes ineffectiveness of counsel *per se*. **Commonwealth v. Andrews**, 213 A.3d 1004, 1010 (Pa. Super. 2019).  In **Parrish**, our

Supreme Court held that the filing of a vague Rule 1925(b) statement, which completely forfeited an appellant's right to appellate review of any claims on collateral review, constitutes ineffective assistance of counsel *per se.* ***Parrish***, __A.3d at __, 2020 WL 355016, *16.

For the reasons set forth above, we remand this matter to the trial court to appoint new counsel for Appellant within fourteen days from the date of this Memorandum. New counsel shall file a new Pa.R.A.P. 1925(b) statement within twenty-one days of appointment. We further order the trial court to file its Pa.R.A.P. 1925(a) opinion within thirty days of the date that Appellant's counsel files the Pa.R.A.P. 1925(b) statement. Thereafter, Appellant shall file his appellate brief within thirty days from the date that the trial court files its opinion. The Commonwealth shall have thirty days from the date that Appellant files his appellate brief in which to file a brief in response.

Case remanded for additional proceedings consistent with this decision. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/20

- 7 -